GEORGE E. AKWO (SBN 164670)
george@akwolaw.com
LAW OFFICES OF GEORGE E. AKWO
12080 Ventura Place, Suite D
Studio City, CA  91604
Tel.:  (310) 435-9406;
Fax:  (310) 496-2458

OPHIR JACOB BITTON (SBN 204310)
ophir@bittonlaw.com
BITTON & ASSOCIATES
12080 Ventura Place, Suite D
Studio City, CA  91604
Tel.:  (818) 524-1223;
Fax:  (818) 524-1224

Attorneys for Plaintiff and
Counter-Defendant, SOLID 21, INC.

STEPHEN YOUNGERMAN
(SBN 98784)
DAVID A. ROBINSON
(SBN 161103)
sy@ymlaw.net; dar@ymlaw.net
YOUNGERMAN & McNUTT LLP
11150 West Olympic Boulevard, Suite 900
Los Angeles, CA  90064
Tel.:  (310) 478-3780; Fax:  (310) 478-3831

JOHN MARGIOTTA (*admitted pro hac vice*)
LAURA POPP-ROSENBERG (*admitted pro hac vice*)
ANNA P. LEIPSIC (*admitted pro hac vice*)
jm@fzlz.com; lpopp-rosenberg@fzlz.com; aleipsic@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY  10017
Tel.:  (212) 813-5900; Fax:  (212) 813-5901

Attorneys for Defendant and Counter-Claimant MOVADO
RETAIL GROUP, INC.

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MOVADO RETAIL GROUP, INC., *et al.*, <br><br> Defendants. <br><br> MOVADO RETAIL GROUP, INC., <br><br> Counter-Claimant, <br> vs. <br><br> SOLID 21, INC., <br><br> Counter-Defendant. | Case No.: CV11-0462 GW (SHx) <br><br> *[Assigned to Judge George H. Wu in Courtroom 10]* <br><br> **VOLUNTARY STIPULATION OF DISMISSAL WITHOUT PREJUDICE OF PLAINTIFF'S COMPLAINT AND DEFENDANT'S COUNTERCLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)** |

**TO THE HONORABLE COURT**:

Plaintiff and Counter-Defendant SOLID 21, INC. ("Plaintiff"), by and through its undersigned counsel, and Defendant and Counter-Claimant MOVADO RETAIL GROUP, INC. ("Defendant" and, together with Plaintiff, the "Parties"), by and through its undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on January 14, 2011, Plaintiff filed its Complaint in this Court as to Defendant, as well as to others;

2

**WHEREAS**, the Complaint alleged, *inter alia*, that Plaintiff is the rightful holder of a registered trademark for the word mark "RED GOLD" (the "Trademark") and that Defendant is infringing the Trademark by using the term Red Gold to market and advertise certain of its products;

**WHEREAS**, on April 25, 2011, Defendant filed its Answer and Counterclaims, in which it asserted, *inter alia*, that Plaintiff's Trademark is generic and that Defendant's use of the term Red Gold is fair;

**WHEREAS**, in its Amended Answer and Counterclaims filed on May 11, 2011, Defendant maintained its assertion that Plaintiff's Trademark is generic and that Defendant's use of the term Red Gold is fair;

**WHEREAS**, on January 14, 2011, Plaintiff filed a similar lawsuit against Breitling USA Inc. ("Breitling"), among others, Case No.: 2:11-cv-00457-GAF-PLA (the "Breitling Case"), asserting, *inter alia*, that Breitling was similarly infringing on the Trademark by using the term Red Gold to market and advertise certain of its products;

**WHEREAS**, on June 20, 2011, Breitling filed a motion to dismiss pursuant to Rule 12(b)(6) on the alternative grounds that the Trademark is generic and/or that Breitling's use of the Trademark is fair;

**WHEREAS**, on July 19, 2011, the Honorable Gary Allen Feess issued an order finding that the Trademark is generic without reaching a finding on the issue of fair use (the "Dismissal Order");

**WHEREAS**, the issue of whether Plaintiff's Trademark is generic is also in dispute in this case, and Judge Feess' July 19, 2011 Dismissal Order in the Breitling Case finding that Plaintiff's Trademark is generic, unless overturned, has a preclusive effect on the outcome of this case; and

**WHEREAS**, on August 17, 2011, Plaintiff filed a Notice of Appeal of the Dismissal Order in the Breitling Case;

**NOW, THEREFORE**, in consideration of the foregoing, and the mutual covenants contained herein, the Parties hereby stipulate and agree as follows:

1. <u>Dismissal without Prejudice</u>.  Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff hereby voluntarily dismisses, without prejudice, all of its claims asserted against Defendant and all other named defendants in Plaintiff's Complaint, and Defendant hereby voluntarily dismisses, without prejudice, all of its claims asserted against Plaintiff in Defendant's Counterclaims.

2. If the final arbiter on appellate review of the Dismissal Order, including both the Ninth Circuit and the Supreme Court of the United States, affirms the Dismissal Order on the basis that the Trademark is generic or otherwise holds that the Trademark is generic, or Plaintiff fails to timely litigate any available appeal:

   a. Pursuant to Trademark Manual of Examining Procedure Section 1608, Plaintiff shall voluntarily and expressly surrender for cancellation its U.S. trademark Registration No. 2793987 in all classes; and

   b. Plaintiff, its officers, agents, privies, shareholders, principals, directors, affiliates, parents, subsidiaries, successors, assigns, heirs, and designees, and any entity created, owned or controlled in whole or in part by Plaintiff now or in the future (collectively, a "Plaintiff Entity") shall not file any lawsuit, or bring any other claim or proceeding, in any jurisdiction, against Defendant, or any other named defendant in this litigation, or an affiliate of any of them (collectively, a "Defendant Entity"), arising out of or relating to use of the Trademark.

3. <u>Tolling Agreement</u>. If the final arbiter on appellate review of the Dismissal Order does not affirm the Dismissal Order on the basis that the Trademark is generic or does not otherwise hold that the Trademark is generic, Plaintiff may file a new complaint (the "New Complaint") against Defendant reasserting only those claims brought in the Complaint which were based on the Trademark.  As part of the consideration expressed herein, the sufficiency of which is acknowledged, the Parties hereby enter into a tolling agreement with regard to the issues presented in the Complaint that may be reasserted in

the New Complaint (the "Tolling Agreement"). The term of the Tolling Agreement shall commence upon the filing of this Stipulation and shall terminate six (6) months following the issuance of an order by the final arbiter on appellate review of the Dismissal Order that does not affirm the Dismissal Order on the basis that the Trademark is generic or does not otherwise hold that the Trademark is generic (the "Term").  The Parties agree that all applicable statute of limitations, laches, and any legal or equitable defense based on timeliness of bringing a claim as to any and all claims that Plaintiff may have against Defendant, and as to any and all counterclaims that Defendant may have against Plaintiff, in connection with, related to, or arising from the Complaint or the Counterclaims, and that Plaintiff may assert in the New Complaint, or that Defendant may assert in response to the New Complaint, shall be tolled and suspended during the Term.  Each Party hereby waives any defense by way of any statute of limitations, laches, and any legal or equitable defense based on timeliness of bringing a claim, which would otherwise arise during the Term.  Moreover, the Parties agree that, in the event that the final arbiter on appellate review does not affirm the Dismissal Order on the basis that the Trademark is generic or does not otherwise hold that the Trademark is generic, and Plaintiff files a New Complaint against Defendant, the New Complaint and any counterclaims brought by Defendant will relate back to the Complaint and Counterclaims in this litigation. Nothing in this Stipulation shall be construed as waiving any right of Defendant to assert any defense based on statute of limitations, laches, or otherwise based on timeliness of bringing a claim, which Defendant had a right to assert as of January 14, 2011, and nothing in this Stipulation shall be construed as waiving any right of Plaintiff to assert any defense to Defendant's Counterclaims based on statute of limitations, laches, or otherwise based on timeliness of bringing a claim, which Plaintiff had a right to assert as of April 25, 2011.

    4.    <u>Additional Term</u>.  In the event that a Plaintiff Entity files a New Complaint against a Defendant Entity, Plaintiff agrees that any use of the term Red Gold, by or on behalf of Defendant or any affiliated entity from July 19, 2011 until the time the New

1  Complaint is served shall not be used against Defendant or any affiliated entity for any
2  purpose in connection with the new litigation.  Without limiting the foregoing, use of the
3  term Red Gold by or on behalf of Defendant or any affiliated entity during the specified
4  time period cannot be considered for purposes of awarding Plaintiff monetary damages
5  and cannot be relied upon by Plaintiff for purposes of trying to establish Defendant's
6  willfulness or bad faith.

7       5.    <u>Costs and Fees</u>.  Each Party agrees that it will bear its own costs, expenses
8  and fees, including expert fees and attorney's fees, in connection with this litigation.

| | |
|---|---|
| Dated:  Studio City, California<br>August 26, 2011 | Dated:  New York, New York<br>August 26, 2011 |
| **BITTON & ASSOCIATES** | **FROSS ZELNICK LEHRMAN & ZISSU, P.C.** |
| By:  */s/ Ophir J. Bitton*<br>    Ophir Jacob Bitton<br>    (SBN 204310)<br>    (ophir@bittonlaw.com)<br>12080 Ventura Place, Suite D<br>Studio City, CA  91604<br>Tel.:  (818) 524-1223 | By:  */s/ Anna P. Leipsic*<br>    John P. Margiotta (jm@fzlz.com)<br>    Laura Popp-Rosenberg<br>    (lpopp-rosenberg@fzlz.com)<br>    Anna Leipsic (aleipsic@fzlz.com)<br>866 United Nations Plaza<br>New York, NY  10017<br>Tel.:  (212) 813-5900 |
| **LAW OFFICES OF GEORGE E. AKWO**<br>George E. Akwo (SBN 164670)<br>(george@akwolaw.com)<br>12080 Ventura Place, Suite D<br>Studio City, CA  91604<br>Tel.:  (310) 435-9406 | **YOUNGERMAN & McNUTT LLP**<br>Stephen Youngerman (SBN 98784)<br>(sy@ymlaw.net)<br>David A. Robinson (SBN 161103)<br>(dar@ymlaw.net)<br>11150 West Olympic Boulevard,<br>Suite 900<br>Los Angeles, CA  90064<br>Tel.:  (310) 478-3780 |
| *Attorneys for Plaintiff and Counter-Defendant, Solid 21, Inc.* | *Attorneys for Defendant and Counter-Claimant Movado Retail Group, Inc.* |

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11150 West Olympic Boulevard, Suite 900, Los Angeles, California 90064.

    On August 26, 2011, I served the foregoing document described as **VOLUNTARY STIPULATION OF DISMISSAL WITHOUT PREJUDICE OF PLAINTIFF'S COMPLAINT AND DEFENDANT'S COUNTERCLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A) AND PROPOSED ORDER** on the interested parties in this action as follows:

    [See Attached Service List]

    ☒   (BY ELECTRONIC TRANSFER)  I caused all of the pages of the above-entitled document(s) to be uploaded to the U.S. District Court "CM/ECF" System to be sent to the recipients listed herein via electronic transfer (EMAIL) at the respective EMAIL addresses indicated herein.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on August 26, 2011, at Los Angeles, California.

                        // S //

                        KATIE YAMASHITA

# SERVICE LIST
Solid 21, Inc. v. Movado Retail Group, Inc. et al.
U.S. District Court Case No.: 2:11-CV-00462-GW (SHx)

Attorneys for Plaintiff:

| | |
|---|---|
| George E. Akwo | Ophir J. Britton |
| Law Offices of George E. Akwo | Bitton & Associates |
| 12080 Ventura Place, Suite "D" | 12080 Ventura Place, Suite "D" |
| Studio City, CA 91604 | Studio City, CA 91604 |
| Tel:  (310) 435-9406 | Tel: (818) 524-1223 |
| Fax:  (310) 496-2458 | Fax:  (818) 524-1224 |
| george@akwolaw.com | ophir@bittonlaw.com |

Attorneys for Defendant,
Movado Retail Group, Inc.

JOHN MARGIOTTA
(*admitted pro hac vice*)
LAURA POPP-ROSENBERG
(*admitted pro hac vice*)
ANNA LEIPSIC
(*admitted pro hac vice*)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY  10017
Tel.:  (212) 813-5900; Fax: (212) 813-5901
jm@fzlz.com; lpopp-rosenberg@fzlz.com; aleipsic@fzlz.com

{F0845819.2 }

STIPULATION TO DISMISS
Case No.: CV11-462 GW (SHx)